OPINION OF THE COURT
Per Curiam.
Order dated December 7, 1998 reversed, with $10 costs, and *525 respondents’ motion for attorneys’ fees is denied.
The majority decision is withdrawn and the following decision is substituted.
The Trial Judge properly granted a discontinuance pursuant to CPLR 3217 “without prejudice to either side including respondents’ rights to move for attorneys’ fees” (emphasis supplied). Rather than moving for attorneys’ fees, respondents moved pursuant to CPLR 3217 before another Judge who, “in her discretion,” directed an assessment of attorneys’ fees. It is the second CPLR 3217 motion that is the subject of this appeal.
There was no legal basis for a different Judge to entertain a second motion under CPLR 3217. The motion should have been referred to the Trial Judge since it modified the order of the Trial Judge by directing an assessment (CPLR 2221). The only motion that the second Judge should have entertained was one directed to respondents’ right to attorneys’ fees. It could not entertain another motion under CPLR 3217 since that motion had already been decided.
The respondents argue that the Trial Judge intended to grant attorneys’ fees. If that is true, then the remedy was to move to resettle the order before the Trial Judge. Furthermore, even if the respondents were successful after trial, they would not have been entitled to legal fees since there was no lease.
Contrary to the dissent’s position, discretion is not the issue. The first issue is the language of the order of the Trial Judge. She could have awarded attorneys’ fees to the respondents and directed a hearing on the amount but did not. The second issue is the validity of the second order under CPLR 3217. Procedurally it should not have been considered by the second Judge since it modified the order of the Trial Judge. The motion was made after the proceeding had been discontinued and was not made on the application of the “party asserting a claim.” (CPLR 3217 [b].)
Accordingly the order directing a hearing is vacated.